OPINION of the court
Blossom Heller, J.
The following constitutes the decision on motion and order of the court.
The issue before this court involves a continuing source of tension between two fundamental principles in our legal system, namely, the extent of a family’s privacy and need of the criminal justice system to obtain all relevant evidence.
In the instant matter, the New York City Police Department, acting on independent information, uncovered the remains of a newborn infant on April 1, 1984. An investigation was begun, and on April 14, Dionne L., aged 16, was arrested in connection with the infant’s death. In connection with this investigation, the Kings County District Attorney issued a Grand Jury subpoena on April 18,1984, to a witness Mrs. Gloria L., the mother of the defendant, seeking testimony relating to conversations which took place between mother and daughter on or about April 3, 1984. The witness has moved to quash the subpoena on the ground that a parent-child privilege exists in this situation which bars intrusion of this sort by the State.
*51 While the Legislature has yet to create a parent-child privilege, counsel for Mrs. L. has argued that in this situation, the interests of the State in protecting the integrity of the family relationship and the fostering of positive and beneficial parent-child relations clearly overweigh the desire of the State to compel testimony relating to that relationship.
The general rules regarding the existence of a privileged communication, as set forth by Wigmore, do not turn solely on whether a communication takes place in private between two parties, even where each has agreed to hold what is said in the strictest of confidence. Rather, four criteria must be satisfied to find the existence of a privilege:
(1) The communications must originate in a confidence that they will not be disclosed.
(2) This element of confidentiality must be essential to the full and satisfactory maintenance of the relation between the parties.
(3) The relation must be one which the opinion of the community ought to be sedulously fostered.
(4) The injury that would inure to the relation by the disclosure of the communications must be greater than the benefit thereby gained for the correct disposal of litigation. (8 Wigmore, Evidence [McNaughton rev], §§ 2191, 2192, 2285.)
This approach to the existence of a privileged communication was applied by the Supreme Court in United States v Nixon (418 US 683) in its analysis of an unsuccessful motion to quash a subpoena duces tecum in a criminal proceeding. While it may be cogently argued that all four of the criteria listed above are present in the instant situation, thus creating a privileged communication, the inquiry does not stop at this point. Rather, the parent-child relationship must be examined to determine the extent to which such communications may be protected from disclosure.
In an early and influential case examining the existence of a parent-child privilege (Matter of A. & M., 61 AD2d 426), the Appellate Division, Fourth Department, held *52 that while such communications are not statutorily protected from disclosure, intrafamilial communications do fall within the constitutionally recognized right of family privacy. (See Moore v East Cleveland, 431 US 494.) This right of privacy, however, was not deemed to be absolute; it may be possible for the State to intrude upon this right where a legitimate purpose exists. The function of the court is to balance these two interests (61 AD2d, at p 433).
In A. & M. (supra), the parents of a 16-year-old boy who had been implicated in an alleged arson were subpoenaed to testify before a Grand Jury regarding certain statements made by the boy to his parents. The parents moved to quash the subpoena, arguing, inter alia, that the family’s right of privacy protected such confidential intrafamilial communications. Although the court did recognize the existence of the family’s right of privacy, it also ruled that that right would not be invaded by requiring the parents to testify before the Grand Jury (supra, at pp 435-436). Allowing the quashing of a Grand Jury subpoena, the court argued, would unduly limit the Grand Jury’s ability to perform its powers to “inquire into areas of legitimate concern and [would] permit the witness to dictate the course of the investigation and to limit the area into which the Grand Jury might probe.” (Supra, at p 435.) The court concluded that while a privilege may exist in a given situation, the privilege cannot be asserted until the witness has physically appeared and been questioned. At that time, the witness, with counsel present, could properly assert his or her constitutional rights if questioned about confidential communications, and a court could hold an evidentiary hearing to determine whether the circumstances existing at the time that those particular statements were made warrant protection from disclosure.
It is the conclusion of this court that the facts and resolution of the case presented in Matter of A. & M. (supra) are applicable to the instant situation. To allow the witness’ motion, or even to allow a modification of the subpoena, would be to impose a remedy broader than the privilege claimed and would unfairly interfere with the working of the Grand Jury. Although counsel for the witness has also urged consideration of People v Harrell (87 *53 AD2d 21), Matter of Michelet P. (70 AD2d 68) and People v Fitzgerald (101 Misc 2d 712), these cases are inapposite. Both Harrell and Michelet P. involved situations wherein a minor had already been taken into police custody, unlike the present situation. Further, there was no third party present when the instant communications were made (as in People v Harrell), nor was the situation one where the desire of the police to question a minor in custody would be subject to the provisions of former subdivision (a) of section 724 of the Family Court Act (now Family Ct Act, § 305.2, subd 3) (as in Matter of Michelet P.). Fitzgerald must also be deemed inapplicable, as the defendant’s father in that case did testify before the Grand Jury, but was neither fully apprised of the facts of the investigation nor was he represented by counsel.
It is therefore the decision and order of this court that the witness’ motion must be denied for the reasons set forth above.